1  HOLLAND & KNIGHT LLP
   Vito A. Costanzo, SBN 132754
2  Kristina S. Azlin, SBN 235238
   Stacey H. Wang, SBN 245195
3  400 South Hope Street, 8th Floor
   Los Angeles, CA 90071
4  Telephone: 213.896.2400
   Fax: 213.896.2450
5  Email: vito.costanzo@hklaw.com
           kristina.azlin@hklaw.com
6          stacey.wang@hklaw.com

7  Attorneys for Defendant
   Pepperdine University
8

9
                UNITED STATES DISTRICT COURT
10
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
                     WESTERN DIVISION
12

13

14  MATTHEW REZVANI, individually      Case No.: ___2:20-cv-8582___
    and on behalf of all others similarly
15  situated,                          Removed from the Superior Court of
                                        California, Los Angeles County, Case
16            Plaintiff,                No. 20STCV25498

17       v.                             (to be related to 2:20-cv-04928-DMG-
                                        KS)
18  PEPPERDINE UNIVERSITY, a
    California corporation; and DOES 1  **DEFENDANT PEPPERDINE
19  through 100, inclusive,             UNIVERSITY'S NOTICE OF
                                        REMOVAL OF CIVIL ACTION TO
20            Defendant.                FEDERAL DISTRICT COURT**

21                                      **[28 U.S.C. §§ 1332(A), 1441, and 1446]**

22                                      [Declarations of Kristina S. Azlin and
                                        Rick R. Marrs in Support of Defendant's
23                                      Notice of Removal Filed Concurrently
                                        Herewith]
24

25

26

27

28

---

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF MATTHEW REZVANI AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Pepperdine University ("Pepperdine") hereby removes the action styled *Matthew Rezvani v. Pepperdine University*, now pending in the Superior Court for the State of California in and for the County of Los Angeles as Case No. 20STCV25498 (hereinafter the "State Court Action"), to the United States District Court for the Central District of California. Pepperdine removes this action pursuant to 28 U.S.C. §§ 1332 (the Class Action Fairness Act of 2005, hereinafter "CAFA"), 1441 and 1446 on the following grounds:

<u>STATEMENT OF JURISDICTION</u>

1.      This Court has jurisdiction over this action under CAFA, which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class consists of at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one member of the proposed class is a citizen of a state different from that of one defendant. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

<u>PROCEDURAL BACKGROUND</u>

2.      On July 6, 2020, Plaintiff Matthew Rezvani ("Plaintiff") filed a Class Action Complaint for (1) Breach of Contract, (2) Unjust Enrichment, (3) Conversion, and (4) Violation of California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq.* (the "Complaint") against Pepperdine in the State Court Action.

3.      Pepperdine received a service package that included the Summons, Complaint, and related case initiating documents which are attached to the

- 1 -

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Accompanying Declaration of Kristina S. Azlin ("Azlin Decl.") as Exhibit A. (Azlin Decl., ¶ 2, Ex. A.)

4.    On August 18, 2020, Pepperdine executed a Notice of Acknowledgement of service of the Summons and Complaint. (Azlin Decl., ¶ 3, Ex. B.)

5.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in the action are attached to the Accompanying Azlin Declaration as Exhibit C. (Azlin Decl., ¶ 4, Ex. C.)

## VENUE

6.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(3), 1441, and 1446(a). This action was originally brought in Los Angeles County Superior Court, which is located within the Central District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

7.    Pepperdine has timely removed this action within 30-days of service of the Complaint in the State Court Action. On August 20, 2020, Pepperdine executed the Notice of Acknowledgement and served it on Plaintiff.  (Azlin Decl., ¶ 3, Ex. B.) Because this Notice of Removal is filed within 30 days of service of the Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).

8.    Removal is also timely because the 30-day removal period has not been triggered. To trigger the 30-day removal period, the facts supporting removal must be evident on the face of the complaint. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (Notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."); *see also Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  (2d Cir. 2001) (relevant test is what document said, not what defendant purportedly

2  knew). Here, removability was not apparent from the face of the Complaint because,

3  among other issues, Plaintiff (i) does not allege the amount in controversy, (ii) does

4  not allege the domicile of the putative class members, and (iii) incorrectly alleges

5  "that that more than two-thirds of all members of the proposed Class in the aggregate

6  are citizens of California." (Compl., ¶ 11.)

7      9.    No previous Notice of Removal has been filed or made with this Court

8  for the relief sought herein.

9      10.   Pepperdine is the only non-fictitious defendant named in the Complaint.

## JURISDICTION PURSUANT TO
## THE CLASS ACTION FAIRNESS ACT

11.   Section 4 of CAFA sets forth the general rule that "[t]he district courts

shall have original jurisdiction of any civil action in which the matter in controversy

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class

action in which … any member of a class of plaintiffs is a citizen of a State different

from any defendant." 28 U.S.C. § 1332(d)(2).

12.   Section 4 of CAFA further states that the jurisdictional rule set forth in

28 U.S.C. § 1332(d)(2) applies only to a class action in which the number of

members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C.

§ 1332(d)(5).

13.   This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C.

§ 1332(d), and this action may be removed by Pepperdine pursuant to the provisions

of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100

members, the total amount in controversy exceeds $5,000,000, and there is diversity

between at least one proposed class member and one defendant. No mandatory

CAFA exclusion applies.

14.   As previously noted, venue is proper in this Court pursuant to 28 U.S.C.

§§ 84(c) and 1441(a).

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

***The Purported Class Contains At Least 100 Members***

15.     Plaintiff purports to bring this action on behalf of himself "and all others similarly situated, that is, all students enrolled at Defendants' educational institution", as a class action. (Compl., ¶ 1.) Plaintiff seeks to represent the following class of persons in this action:

> All students enrolled at Pepperdine University who paid tuition and mandatory campus and student services fees for the Winter and/or Spring term(s) of 2020 for classes scheduled for in-person instruction who were denied that instruction for any part of the Winter and/or Spring term(s) of 2020 and all persons who paid tuition and mandatory campus and student services fees on behalf of said students.

(Compl., ¶ 28.)[1]

16.     In the Complaint, Plaintiff alleges that "[t]he class is sufficiently numerous, as Defendants boast an enrollment of approximately 7,900 graduate and undergraduate students." (Compl., ¶ 32; *see also* Marrs Decl., ¶ 8.)  Thus, the number of members of the proposed plaintiff classes is in far excess of 100 individuals, as required by CAFA. *See* 28 U.S.C. § 1332(d)(5).

***There Is Diversity Of Citizenship Between***

***At Least One Proposed Class Member And One Defendant***

17.     The parties are sufficiently diverse in this matter because Defendant Pepperdine is a citizen of the State of California and the purported class of Plaintiffs are citizens of states other than California and a myriad of countries throughout the world.

18.     <u>Pepperdine's Citizenship</u>: Pepperdine is incorporated under the laws of the state of California, and maintains its principal place of business in Malibu, California. (Marrs Decl., ¶ 5.)

---

[1] Pepperdine's academic year is broken into Fall, Spring, and Summer terms. See Accompanying Declaration of Rick R. Marrs ("Marrs Decl."), ¶ 7, fn. 1.

- 4 -

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

19.   <u>Citizenship of Plaintiff and the "Class"</u>: Pepperdine's student body is comprised of international students and domestic students who are citizens of the State of California and states within the United States. (Marrs Decl., ¶ 9.)

20.   For diversity purposes a person is a "citizen" of the state in which he or she is "domiciled." A person's domicile is their "permanent home," which can either be a place he or she resides with the intention to remain indefinitely or to which he or she intends to return. As explained by the Ninth Circuit Court in *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001):

> To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g., Weible v. United States,* 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

21.   Persons attending school out of state are not usually held to have changed their domicile. *See, e.g., Holmes v. Sopuch*, 639 F.2d 431, 433-434 (8th Cir. 1981); *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324 (D.R.I. 1992); *see also* 13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3619 Citizenship of Particular Persons—Out-of-State Students (3d ed.)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

("Out-of-state students generally have been viewed as temporary residents who are located in the state where their school is located only for the duration and for the purpose of their studies. Consequently, the principle has been well established that they have been presumed to lack the intention to remain in the state indefinitely that is required for the acquisition of a new domicile and to retain their prior, established domiciles while attending school.")

22.     For the 2020 Spring term, Pepperdine had approximately 7,788 students enrolled in full and part-time programs throughout its five Schools: Seaver College of Letters, Arts, and Sciences; the Caruso School of Law; the Graziadio Business School; the Graduate School of Education and Psychology; and the School of Public Policy. (Marrs Decl., ¶ 8.) Of these students, Pepperdine's records show that about 40 percent were international students or domestic students whose permanent address was outside of California, to wit:

- California: 4,722 students provided a permanent address within the State of California.

- Non-California Domestic: 2,063 students provided a permanent address within the United States but outside of the State of California.

- International: 1003 students provided a permanent address outside of the United States.

(Marrs Decl., ¶ 8.)

23.     <u>Doe Defendants</u>: Plaintiff has also named as defendants Does 1 through 100. For purposes of removal based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b); *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction. *Abrego v. The*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  *Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA

2  removal).

3      24.    CAFA's minimum diversity requirement is satisfied here because a

4  significant number of Putative Class Members are citizens of a different state from

5  Defendant or a foreign state, *see* 28 U.S.C. § 1332(d)(2)(A) and (B), and no

6  mandatory CAFA exclusion applies. (Marrs Decl., ¶ 8.)

7              ***Alleged Amount In Controversy Exceeds $5,000,000***

8      25.    Under CAFA, the claims of all class members are aggregated to

9  determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

10  Significantly, Congress intended federal jurisdiction to exist under CAFA "if the

11  value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the

12  plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought

13  (*e.g.*, damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the

14  Judiciary, 109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm.

15  Print 2005).

16     26.    The Senate Judiciary Committee's Report on the final version of CAFA

17  also makes clear that any doubts regarding the maintenance of interstate class actions

18  in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43

19  ("Overall, new section 1332(d) is intended to expand substantially Federal court

20  jurisdiction over class actions. Its provisions should be read broadly, with a strong

21  preference that interstate class actions should be heard in a Federal court if properly

22  removed by any defendant.").

23     27.    Here, the Complaint does not specify the exact amount of damages

24  sought; therefore, Pepperdine must establish the amount in controversy.  In doing so,

25  however, "[Pepperdine's] notice of removal need include only a plausible allegation

26  that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

27  *Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014); *see* 28 U.S.C. §

28  1446(a).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

28.     When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alterations omitted). The amount in controversy is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *see also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

29.     A district court may consider the allegations of the complaint and contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Where a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $5,000,000. *See Singer*, 116 F.3d at 376. To meet its burden of proof, defendants are not required to "research, state, and prove the plaintiff's claims for damages." *Fong v. Regis Corp.,* C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014) (citations omitted). A removing defendant meets its burden of showing CAFA's amount in controversy where its calculations "were relatively conservative, made in good faith, and based on evidence wherever possible." *See id.* at *5 (*citing Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

30.     This putative class action involves claims alleged under California law "for breach of contract, unjust enrichment, conversion, and violation of the California's Unfair Competition Law ('UCL')" related to Pepperdine's alleged actions to "shut down all of its campus facilities, discontinue[] all live in-classroom instruction of all courses at any of Defendants' campus and schools, and instead move[] all instruction to virtual online pre-recorded and/or live streaming video

**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

instruction" in response to "the COVID-19 pandemic and the shelter-in-place order in effect in the State of California." (Compl., ¶ 1.) The crux of the claims against Pepperdine is that it "continued holding Plaintiff and all students liable for the full pre-shutdown tuition and fee obligations, despite the fact that Defendants are unable to provide, and are not providing, the services and facilities that the students bargained for and are being billed for as part of their tuition and fees." (*Id.*)

31.     Plaintiff's prayer for relief includes, but is not limited to, a request for "judgment in favor of Plaintiff and Class members and against Defendants on all counts and claims for relief" and an award of "compensatory, consequential, general, and punitive damages and/or restitution", "statutory damages, treble damages, and punitive or exemplary damages", "[p]re-judgment and post-judgment interest at the maximum legal rates", "attorneys' fees", "costs of suit", "declaratory relief" and "injunctive relief." (Compl., Prayer For Relief, at p. 16) Although Plaintiff does not identify the amount sought in this lawsuit, or even his or each of the putative class members' purported compensatory damages, as to the breach of contract damages alone, Plaintiff alleges that "Defendants are unable to provide, and are not providing, the services and facilities that the students bargained for and are being billed for as part of their tuition and fees—*fees and tuition costs that easily amount to thousands of dollars per student*." (Compl., ¶ 1 (emphasis added).)

32.     Pepperdine denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of Putative Class Members, the number of alleged violations of California law, the relevant claim period embraced by Plaintiff's claims, and the class definitions alleged in the State Court Action, the aggregate amount in controversy presented by the case far exceeds $5,000,000 for purposes of removal, as explained below.

33.     **Damages.**  For purposes of determining the aggregate amount in

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 9 -
**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

1    controversy, "all students enrolled" (Compl., ¶1) at Pepperdine's educational

2    institution for the Spring 2020 academic period were included the Computation

3    Period. There were approximately 7,788 Putative Class Members enrolled at

4    Pepperdine during the relevant time. (Marrs Decl., ¶ 8; Compl., ¶ 32.)

5        34.    If, as Plaintiff alleges, each putative class member suffered "thousands

6    of dollars" of damages in the form of "services and facilities that the students

7    bargained for and are being billed for as part of their tuition and fees" (Compl., ¶ 1),[2]

8    and there are approximately 7,788 class members (Marrs. Decl., ¶8), then Plaintiff is

9    seeking compensatory damages of ***at least* $7,788,000**[3] – not counting the allegations

10   for a refund of unspecified "fees" or Plaintiff's prayer for "statutory damages, treble

11   damages, and punitive or exemplary damages".

12       35.    **Attorneys' Fees.** In addition, Plaintiff seeks "an award of attorneys'

13   fees." (Compl., Prayer For Relief, ¶¶ 6, 8.) Plaintiff's potential recovery of attorneys'

14   fees can properly be included in calculating the amount in controversy, and such

15   awards are commonly in the 25% range of an award to the class. *See Galt G/S v. JSS*

16   *Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may

17   be included when calculating the amount in controversy); *Fritsch v. Swift Transp. Co.*

18   *of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include

19   future attorneys' fees recoverable by statute of contract when assessing whether the

20   amount in controversy requirement is met"); *see also Ramos*, 2018 WL 5779978 at

21   *3 (noting that "'[w]hen including attorneys' fees within the amount-in-controversy

22

---

23   [2] The tuition and fee amounts due and/or paid by Pepperdine's students can vary
24   greatly depending on each student's election of services with associated charges,
     including, but not limited to (i) the School of enrollment, (ii) the specific program at
25   issue, (iii) whether undergraduate or graduate, (iv) the number of units enrolled in,
     (v) whether on-campus or off-campus living, and (vi) composition and nature of
26   financial aid offered. An overview of the tuition and fees associated with each
     academic year are set forth in Pepperdine's academic catalogs, which are published
27   on a yearly basis for each of its five Schools. (Marrs, Decl., ¶ 10.)

28   [3] Again, Pepperdine provides these calculations solely to establish that the amount in
     controversy exceeds the jurisdictional minimum. Pepperdine makes no admissions of
     liability and denies Plaintiff's right to recovery with respect to any aspect of the case.

- 10 -
**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,'…") (internal citations omitted).

36.    Thus, the inclusion of Plaintiff's potential attorneys' fees could add another $**1,947,000** [calculating at 25% of a potential recovery of **$7,788,000**] or more to the total amount in controversy.

37.    Based on these alleged facts, Pepperdine has clearly demonstrated that the potential amount put in controversy by Plaintiff in his Complaint is at least $9,735,000, and thus exceeds the $5,000,000 jurisdictional minimum under CAFA.

## NOTICE TO PLAINTIFF

38.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk for the Superior Court of the State of California in and for the County of Los Angeles.

**WHEREFORE**, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: September 18, 2020          Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/   *Vito A. Costanzo*
          Vito A. Costanzo
          Kristina S. Azlin
          Stacey H. Wang

          Attorneys for Defendant
          Pepperdine University

- 11 -
**PEPPERDINE UNIVERSITY'S NOTICE OF REMOVAL**